793 P.2d 231

Jerald SCHENK and Dixie Lee Schenk, husband and wife, Plaintiffs–Appellants,

v.

Scott SMITH, Shane Blancher, John Esterholdt, Department of Health and Welfare, State of Idaho, Rose Bowman, Director of the Department of Health and Welfare, Idaho Youth Ranch, Inc., Neil Howard for the Idaho Youth Ranch, Inc., David R. Murray, President for the Idaho Youth Ranch, Inc., John Does 1–X, and Jane Does 1–X, Defendants–Respondents.

No. 18064.

Court of Appeals of Idaho.

May 3, 1990.

Raymundo G. Pena and Stanley G. Cole, Rupert, and E. Lee Schlender, (argued), Hailey, for appellants.

Quane, Smith, Howard & Hull, Twin Falls, Idaho office, and J. Nick Crawford, Salt Lake City, Utah, for respondents. Mr. Brian D. Harper argued.

BURNETT, Judge.

This litigation arises from the intentional destruction of a home by vandals. The sole issue on appeal is whether the homeowners should have received prejudgment interest on a damage award. The district court disallowed prejudgment interest. For reasons explained below, we affirm.

The facts may be summarized briefly. While the Schenk family of Rupert, Idaho, was on vacation, four juveniles escaped from the nearby Idaho Youth Ranch. The juveniles entered the Schenk home, destroyed or damaged much of the Schenks' personal property, and then set the home afire—burning it to the ground. The Schenks sued the Idaho Youth Ranch and the Idaho Department of Health and Welfare, alleging negligent supervision of the juveniles. A jury awarded the Schenks $116,500 in damages. The district court later denied a motion for allowance of prejudgment interest. The Schenks appealed. The Youth Ranch and the Department filed no cross-appeal from the judgment.

Consequently, the sole issue before us is prejudgment interest. This issue embraces two questions: Can prejudgment interest be awarded in a tort case? If so, is such an award appropriate in the circumstances of this case? We will address each question in turn.

■ Prejudgment interest is authorized by statute. Idaho Code § 28–22–104(2) provides that interest of twelve percent per year "is allowed ... on ... [m]oney after the same becomes due." The statute does not expressly exclude tort actions from its scope. Yet prejudgment interest often is disallowed in tort cases because the question of liability—that is, whether money is "due"—awaits an eventual judgment of the court. There is a well recognized exception, however, where the tort claim is for conversion of property. *Davis v. Professional Business Services, Inc.*, 109 Idaho 810, 712 P.2d 511 (1985); *see also Bergkamp v. Carrico*, 108 Idaho 476, 700 P.2d

98 (Ct.App.1985) (conversion of tenant's property by landlord). The conversion exception is consistent with our Supreme Court's declaration that limitations on prejudgment interest are "based upon equitable considerations." *United States Fidelity and Guaranty Co. v. Clover Creek Cattle Co.*, 92 Idaho 889, 900, 452 P.2d 993, 1004 (1969). In conversion cases, the equities lie with parties who have been deprived of the use of their money or property during the pendency of their claims.

■ Here, the Schenks' tort claim arose from an intentional destruction of real and personal property. We see no principled reason for categorically disallowing prejudgment interest in this kind of case, when such interest is routinely allowed in conversion cases. The causes of action are similar, and the equitable considerations are virtually the same. Accordingly, we hold that prejudgment interest is not precluded in this case merely because it involves a tort.

■ The remaining question, however, is whether prejudgment interest is appropriate in the circumstances presented here. Our Supreme Court has said that prejudgment interest will be allowed where a claim is liquidated, where the amount due can be ascertained by mathematical computation, or where the amount due can be determined by reference to a recognized standard. *Guyman v. Anderson*, 75 Idaho 294, 271 P.2d 1020 (1954).

A market may provide a recognized standard. *See, e.g., Mitchell v. Flandro*, 95 Idaho 228, 506 P.2d 455 (1972). The value of property in the relevant market may be a matter of opinion; it need not be wholly undisputed. *Ace Realty, Inc. v. Anderson*, 106 Idaho 742, 682 P.2d 1289 (Ct.App.1984); *compare Child v. Blaser*, 111 Idaho 702, 727 P.2d 893 (Ct.App.1986) (review denied) (disallowing prejudgment interest where dispute over property value was compounded by uncertain liability due to conflicting theories of recovery). But the market must yield an identifiable value or reasonably consistent set of values. If it does not, it hardly can be viewed a "recognized standard."

■ In this case, the Schenks' damage award embraced losses of real property as well as personal property. With respect to the real property, the Schenks presented evidence that their home had values ranging from $41,884 to $66,861, depending on the appraiser employed and the methodology used. The jury did not make a discrete finding on the value of the real estate; it simply returned a verdict containing a damage award for real and personal property combined. Upon this record, we cannot identify a specific value determined by the jury through an objective market standard. Accordingly, we hold that the district court properly disallowed prejudgment interest with respect to this part of the Schenks' claim.

■ A similar difficulty afflicts the Schenks' claim for personal property. That property, such as used clothing, had no readily identifiable market. During the trial, an insurance adjuster testifying for the Schenks admitted that the value he placed on the lost personal property was merely a guess and that there was no industry standard for valuing such property. We conclude that the jury's award for the lost personal property, although supported by substantial evidence, was not determined by reference to an objective, recognized standard. Rather, it was based on a collective series of ad hoc estimates. Prejudgment interest was correctly denied on this part of the Schenks' claim as well.

Accordingly, we affirm the district court's order denying prejudgment interest. Costs to the respondents. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.