938 P.2d 1228

**IDAHO STATE INSURANCE FUND, By and Through its Manager, Drew FORNEY, Plaintiff–Appellant,**

v.

**Gregg L. TURNER, an individual, Defendant–Respondent.**

No. 23059.

Supreme Court of Idaho, Boise, February 1997 Term.

June 6, 1997.

Alan G. Lance, Attorney General, Pike, Seedall & Shurtliff, Boise, for plaintiff–appellant. M. Karl Shurtliff argued.

Counsel argued for respondent.

McDEVITT, Justice.

This case involves an action brought by the Idaho State Insurance Fund (SIF) for reimbursement of medical expenses, impairment benefits, and disability benefits paid to the respondent, Gregg Turner (Turner), as a result of injuries Turner suffered while acting in the ordinary course of employment.

### I.

### FACTS AND PRIOR PROCEEDINGS

Turner was injured in a motor vehicle accident in the ordinary course of work for

Master Electric Inc. (Master Electric). The motor vehicle accident was caused by another driver who negligently and recklessly collided with the motor vehicle operated by Turner, causing Turner to suffer serious bodily injury and related damages. The driver of the other vehicle was uninsured.

It is undisputed that SIF, Master Electric's worker's compensation carrier, paid $17,078.41 for Turner's medical bills, paid Turner $6,534 for impairment benefits, and paid Turner $12,579.22 for temporary total disability benefits.

Master Electric maintained a comprehensive insurance policy which included uninsured motorist benefits through Farmers Insurance Group (Farmers). Turner was an insured under the Farmers policy.

Turner filed an uninsured motorist claim against Farmers. Turner's claim against Farmers went to arbitration which awarded Turner the sum of $136,836.12. Farmers paid the sum of $136,836.12, less an offset of $33,449.34, which represented the amount previously paid by SIF to Turner.

SIF filed a complaint against Turner on July 5, 1995, alleging SIF was entitled to reimbursement for the amount SIF paid to Turner. SIF argued that SIF was subrogated to Turner's claim against the legally liable third party pursuant to I.C. § 72–223. SIF argued that since Turner was paid by Farmers under the uninsured motorist provision, SIF was subrogated to the amounts paid to Turner.

The district court granted Turner's motion for summary judgment and denied SIF's motion for summary judgment. The district court determined that under I.C. § 72–223, SIF did not have a right of subrogation against the Farmers uninsured motorist policy since SIF was not a "third party." SIF appealed to this Court.

## II.

### THE DISTRICT COURT DID NOT HAVE SUBJECT MATTER JURISDICTION

■ Turner's first affirmative defense was that the district court lacked jurisdiction over

SIF's complaint. Turner failed to argue before the district court that the district court lacked jurisdiction. An objection that is not raised before the lower court ordinarily will not be considered on appeal, unless the objection raises a question of subject matter jurisdiction. *Hoppe v. McDonald*, 103 Idaho 33, 35, 644 P.2d 355, 357 (1982); *Briggs v. Golden Valley Land & Cattle Co.*, 97 Idaho 427, 434, 546 P.2d 382, 389 (1976).

In *Van Tine v. Idaho State Ins. Fund*, 126 Idaho 688, 889 P.2d 717 (1994), this Court affirmed the ruling of the trial court dismissing the appellants' claim that appellants were entitled to judgment that SIF waived its subrogation right to the appellants' recovery against a third party who caused the accident in which the appellants were injured. The *Van Tine* Court held that

> SIF's subrogation right to proceeds of the third-party settlement arises under I.C. § 72–223(3).... Whether SIF has lost this subrogation right for any reason affects SIF's subrogation rights under I.C. § 72–223(3), and is, therefore, a question within the exclusive jurisdiction of the Commission over which the trial court has no subject matter jurisdiction.

*Van Tine*, 126 Idaho at 690, 889 P.2d at 719.

■ Idaho Code § 72–707 vests the Industrial Commission with exclusive jurisdiction over "[a]ll questions arising under" the worker's compensation law. Whether SIF is entitled to subrogation pursuant to I.C. § 72–223(3) is a question arising under the worker's compensation law which is within the exclusive jurisdiction of the Industrial Commission.

The district court's decision interpreting I.C. § 72–223 is reversed and this case is remanded to the district court for entry of an order dismissing SIF's complaint consistent with this opinion. No fees or costs are awarded.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.