39 P.3d 621

**Michael VAN BRUNT, Sr., and Brett Van Brunt, Plaintiffs–Respondents–Cross Appellants,**

v.

**Dennis Garth STODDARD, Defendant–Appellant–Cross Respondent.**

No. 26285.

Supreme Court of Idaho, Pocatello, September 2001 Term.

Dec. 28, 2001.

Douglas J. Balfour, Chtd., Pocatello, for appellant. Douglas J. Balfour argued.

Lowell N. Hawkes, Pocatello, argued for respondents. ·

WALTERS, Justice.

This is a personal injury action that raises issues relating to evidentiary issues and issues regarding the apportionment of negligence and the amount of the damage award. We affirm the judgment in part and vacate in part.

## FACTS AND PROCEDURAL BACKGROUND

On May 23, 1996, Garth Stoddard was operating his vehicle on Poleline Road in Pocatello. Michael Van Brunt was driving his son's motorcycle, also on Poleline Road, in the outside right-hand lane as he approached the intersection with Cedar Street where Stoddard was stopped in the inside lane. Stoddard turned suddenly and abruptly into the right-hand lane and struck Van Brunt's motorcycle, which he claimed he only saw a moment before the impact. Stoddard turned his vehicle to the right when his passenger giving directions realized that they were at the location of his bank and told Stoddard he should turn into the bank's parking lot. Van Brunt was thrown off the motorcycle, struck his back and left flank into the right rear corner of a large Pontiac Bonneville that was parked perpendicular to the traffic, then fell to the ground.

Van Brunt brought suit to recover damages from injuries sustained in the accident. Stoddard challenged all but Van Brunt's ankle injury, which was sufficiently resolved by September of 1996 to allow Van Brunt to return to work. Stoddard disclaimed any liability for Van Brunt's other injuries that manifested themselves after the accident, including toe pain, Morton's neuroma, carpal tunnel syndrome, the later back and neck surgeries and complications from them. Stoddard contended that there was evidence in Van Brunt's medical history of preexisting conditions that the surgeries were related to degenerative disc disease and were not a result of the vehicle/motorcycle accident.

Van Brunt's primary treating physicians, Doctor Selznick and Doctor Blair, testified at the trial regarding the care they had provided to Van Brunt, including the surgeries later performed in Seattle by a former mentor and colleague of Doctor Selznick to whom Van Brunt was referred. Testifying on behalf of the defense was Doctor Richard Knoebel, an orthopedist from Hailey, Idaho, who conducted an independent medical examination of Van Brunt. He concluded that the low back pain and the soft tissue flank pain were sufficiently resolved by September of 1996. In his opinion, Van Brunt's complaints of pain in March of 1997 and a fusion done in June 1997 were not secondary to the motor vehicle accident. In his testimony, Dr. Knoebel stated that Van Brunt's neck injury, the pain in his hands, or the back pain that required surgery were not connected in any way with the accident of May 23, 1996.

The case was tried from September 28, 1999, through October 1, 1999. The jury attributed ninety percent negligence to Stoddard and ten percent negligence to Van Brunt and returned a verdict in favor of Van Brunt for $655,500.00. The verdict included an amount representing the property damage to the motorcycle belonging to Brett Van Brunt. The judgment was entered on October 4, 1999, and post-trial motions were argued to the district court. The district court entered an amended judgment reducing the amount of the judgment to $604,682.65, which included interest and an attorney's fee award. Stoddard appealed, asserting principally that he had been denied a fair trial. Van Brunt filed a cross appeal, contesting the ten percent negligence attributed to him by the jury.

## DISCUSSION

### I. ADMISSION OF EVIDENCE

Stoddard raises several claims of error regarding the district court's admission or exclusion of evidence. He argues that the district court allowed improper impeachment and rebuttal in the testimony of the plaintiff's expert, Doctor Selznick. He submits that the district court should have ruled inadmissible Doctor Selznick's opinions challenging the defense expert's qualifications on the basis that no foundation for Doctor Selznick's testimony had been established and that the opinions were not true rebuttal.

Impeaching evidence is that which is directed to the credibility of a witness. The credibility of a witness may be attacked by any party including the party calling the witness. I.R.E. 607. A witness may not be impeached before he has testified. *Boeck v. Boeck*, 29 Idaho 639, 161 P. 576 (1916). In this case, Doctor Selznick testified during the plaintiff's case in chief that he ran a very busy clinical practice, unlike Doctor Knoebel who, according to Doctor Selznick, does not take care of patients. Doctor Selznick testified that he did not agree with the way Doctor Knoebel forced Van Brunt to raise his arms above his head during the independent medical examination, which was videotaped for viewing by the plaintiff; and he commented that treatment by Doctor Knoebel "would have killed [Van Brunt]." A little later in his testimony, Doctor Selznick reiterated his opinion that Doctor Knoebel is not a treating physician and that he does strictly insurance exams and testifies for the defense in court. Stoddard objected to Selznick's "gratuitous" statements and moved to strike. It appears that the objection essentially questioned whether this testimony was proper impeachment evidence because Doctor Knoebel had not yet testified in the trial. The district court admonished plaintiff's counsel to refrain from presenting impeachment evidence until his opportunity arose to offer rebuttal evidence after Doctor Knoebel had testified. There does not appear to have been a contemporaneous ruling by the district court on the defense's request to strike Doctor Selznick's statements.

Although the defense objection to lack of foundation for impeachment evidence could have been more clearly sustained, we conclude that the trial court determined that Doctor Selznick's testimony was not offered as proof of Doctor Knoebel's character but to provide medical expert testimony regarding Van Brunt's injuries from the accident.

Rebuttal evidence is evidence that explains, repels, counteracts or disproves evidence which has been introduced by or on

behalf of the adverse party. *State v. Olsen,* 103 Idaho 278, 647 P.2d 734 (1982). The standard of review of a trial court's decision regarding the admission of evidence in rebuttal is one of deference to the trial court. *See State v. Lewis,* 126 Idaho 77, 878 P.2d 776 (1994); *State v. Smith,* 117 Idaho 225, 786 P.2d 1127 (1990); *State v. Hewitt,* 73 Idaho 452, 254 P.2d 677 (1953). Decisions regarding the admission of evidence are reversed only upon a showing of an abuse of discretion. *State v. Lewis, supra.*

After Doctor Knoebel testified, the plaintiff recalled Doctor Selznick as a rebuttal witness. In his testimony, Doctor Selznick stated that in his past seven years of practice, a number of his patients had also been seen by Doctor Knoebel. Comparing reports and second opinions he had seen from fellow orthopedic physicians in the area, Doctor Selznick stated that Doctor Knoebel had never provided him a confirmatory response and had disagreed with him on the cases 100% of the time. The rebuttal testimony sought to explain the obvious discrepancy in the doctors' opinions as to the relationship of the accident to Van Brunt's injuries that manifested themselves for months after the accident and necessitated complex and serious surgeries. We find no abuse of the district court's discretion in admitting Doctor Selznick's testimony that the defense claimed was improper rebuttal.

Stoddard argues that the summaries of medical bills and medical records identified as Plaintiff's Exhibits A and B were admitted without foundation showing that the treatment was reasonably related to the accident and that the amounts of the bills were reasonable for the services provided. For the first time on appeal, Stoddard argues that the invoices from the medical care providers are inadmissible hearsay. Because an objection that is not raised before a lower court will not ordinarily be considered on appeal, we do not address the hearsay objection. *See Idaho State Ins. Fund By and Through Forney v. Turner,* 130 Idaho 190, 938 P.2d 1228 (1997); *Hoppe v. McDonald,* 103 Idaho 33, 644 P.2d 355 (1982).

I.R.E. 1006 provides for the admission of a summary, if the originals are made available for examination. As part of the rule, the underlying documents upon which the summary relies must be shown to have been admissible. *State v. Barlow,* 113 Idaho 573, 746 P.2d 1032 (Ct.App.1987). Ordinarily, testimony by the patient or by the physician or the health care provider on the amounts charged or paid for medical services is sufficient evidence of the reasonable value of the services in the absence of some showing to the contrary. *Farmer v. International'l Harvester Co.,* 97 Idaho 742, 745, 553 P.2d 1306, 1309 (1976). Moreover, where the record reveals direct testimony that the injuries and resulting medical expense incurred after the accident were proximately caused by the injuries received in the accident, there is no error in the admission of the medical bill and treatment summaries. *See id.* We conclude that the district court properly admitted Van Brunt's testimony relating to the medical expense summary that he had prepared, and we uphold the district court's determination that there existed a sufficient factual basis to support the admission of these summaries.

## II. MISTRIAL MOTION

Stoddard claims he was denied a fair trial because of repeated references to insurance made by plaintiff's testifying physician, in violation of an earlier *in limine* order issued by the district court. He claims error in the district court's denial of the defense's motion for mistrial based on the insurance references.

The decision whether to declare or deny a mistrial is a matter within the discretion of the trial judge if the court determines that an occurrence at trial has prevented a fair trial. I.R.C.P. 47(u). The district court found that Doctor Selznick on direct examination had inadvertently referred to the defense's expert witness as an insurance doctor who did not treat patients but only testified for the defense in court. The district court concluded that Doctor Selznick's slip of the tongue was not such as to interfere with defendant's right to a fair trial. Although the appellant's brief paints a

picture of repeated references to insurance before the jury, the record belies that characterization. Doctor Selznick misspoke only the one time, giving his opinion that Doctor Knoebel does strictly insurance exams. He was admonished by the district judge, who then instructed the jury to disregard Doctor Selznick's comment.[1] We conclude that the district court perceived the issue as one of discretion, acted within the boundaries of that discretion, and made its decision by an exercise of reason. *Sun Valley Shopping Center v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991); *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 733 P.2d 824 (Ct.App.1987). The limited mention of insurance, under the circumstances described, does not constitute reversible error.

### III. JURY VERDICT FORM

█ Stoddard argues that his passenger, Tim Hopkins, should have been included on the special verdict form to allow the jury to assess his proportionate share of negligence, if any, in causing the accident. Although Hopkins was not a party to the suit, he testified at trial that he was in part responsible for Stoddard abruptly turning from the inside lane into the outside lane where Stoddard's vehicle collided with Van Brunt's motorcycle. Stoddard maintains that the verdict form provided to the jury should invalidate the jury's decision attributing negligence to the respective parties.

█ The decision whether the special verdict shall inquire as to the alleged negligence of a non-party raises a question of law, namely whether evidence exists which warrants submission of the matter to the jury. *Zintek et al. v. Perchik et al.*, 163 Wis.2d 439, 471 N.W.2d 522 (1991). In Idaho, I.C. § 6-802 provides that the court, at the request of any party, may direct the jury to find separate special verdicts determining the amount of damages and the percentage of negligence or comparative responsibility attributable to each party. The statute has been interpreted by this Court to allow not only that the parties be included in the special verdict, but may also include parties to the transaction

which resulted in the injury whether or not they are parties to the lawsuit. *Pocatello Indus. Park Co. v. Steel W., Inc.*, 101 Idaho 783, 621 P.2d 399 (1980). The justification for placing nonparties on a jury verdict is that true apportionment cannot be achieved unless it includes all tortfeasors guilty of causal negligence either causing or contributing to the occurrence in question, whether or not they are parties to the case. *Id.* at 787, 621 P.2d at 403. *See also Lasselle v. Special Products Co.*, 106 Idaho 170, 172, 677 P.2d 484, 485 (1983).

> It is the general rule that before nonparties are placed on jury verdict forms, there must be a showing that the requisite elements of a cause of action against them have been presented at trial. There must have been admitted into evidence proof sufficient to make a case in negligence where applicable ... before any non-party can be included on the form.

*Vannoy v. Uniroyal Tire Co.*, 111 Idaho 536, 551, 726 P.2d 648, 663 (1985) (Bistline J., concurring and citing *Lasselle*, 106 Idaho at 173, 677 P.2d at 486). Therefore, we examine the duty imposed upon Hopkins to determine whether his conduct was a contributing factor in bringing about Van Brunt's injuries. Contributory negligence, then, is negligence which contributes to the accident, that is, negligence having a causal connection with it and but for which the accident would not have occurred. *Meissner v. Smith*, 94 Idaho 563, 568 n. 1, 494 P.2d 567, 572 n. 1 (1972)

█ A passenger in an automobile has a duty to exercise the care and caution for his own safety that a reasonably prudent person of the same age and maturity would exercise in the same circumstances. *Ferbrache v. Dillon*, 100 Idaho 317, 319, 597 P.2d 40 (1979). A passenger may generally rely on the driver to properly attend to the operation of the vehicle and to operate it with due care, in the absence of special circumstances indicating the presence of imminent danger or the negligence of the driver. *Id.* In this case, Hopkins was riding in Stoddard's vehicle and merely indicated where Stoddard was

---

1. In denying the mistrial motion, the district court indicated that it was reserving a curative instruction to be given at the close of the evidence.

to turn to get to Hopkins' bank; he had no control over the operation of Stoddard's vehicle and was under no obligation to monitor the operation of the vehicle. *See id.* The district court found that the acts of the passenger, Hopkins, had no causal connection with the injuries sustained by Van Brunt. Testimony by Hopkins that he felt partially responsible for the accident does not, in and of itself, make him contributorily negligent. We conclude that, having found no breach of duty by Hopkins and no causal connection between his actions and the resultant injuries to Van Brunt, the district court properly excluded Hopkins from the special verdict form.

## IV. REDUCTION IN PROPERTY DAMAGE AWARD

■ Next, Stoddard argues that he was entitled to a reduction in the property damage measured by the percentage of fault that the jury attributed to Michael Van Brunt. Stoddard asserts that he should only have been assessed with ninety percent of the loss of Brett Van Brunt's motorcycle due to the accident.

Pursuant to I.C. § 6–802, the district court shall reduce the amount of damages attributable to each party in proportion to the amount of negligence or comparative responsibility attributable to the person recovering. Because the jury determined Michael Van Brunt to be ten percent negligent, Stoddard's responsibility for his proportionate share of the loss was ninety percent. The parties found to be negligent by the jury, including Michael Van Brunt are liable to Brett Van Brunt, the owner of the motorcycle who was not negligent, for his loss. It was error for the district court not to reduce the property damage award to reflect the share of responsibility attributed by the jury to Michael Van Brunt. Therefore, we vacate the award and order entry of the judgment in accordance with our holding.

## V. JUDGMENT AMOUNT

■ Stoddard raises another challenge to the amount of the judgment entered against him. He argues that the judgment should be reduced by the amount of medical bills and lost wages in the form of sick leave pay that Van Brunt received from work-related benefits. In that Van Brunt did not suffer lost wages by using accumulated sick time leave and may or may not repurchase that sick time used, Stoddard argues that any claimed lost wages are speculative at best.

Idaho Code, Section 6–1606 prohibits double recoveries from collateral sources. Collateral sources, under the statute, shall not include benefits paid under federal programs, which by law must seek subrogation. I.C. § 6–1606.

It is undisputed that Van Brunt worked for the United States Postal Service, which provided Stoddard with a notice of subrogation to recover the medical bills paid on behalf of Van Brunt. Stoddard's argument that he is entitled to a reduction in the judgment as to medical bills and lost wages previously paid, based on the collateral source rule, is without merit.

## VI. EXPERT WITNESS FEES

■ The district court awarded $14,325 in discretionary costs for expert witness fees. Stoddard argues the district court ignored the limitations of I.R.C.P. 54(d)(1)(C)(8) that authorizes payment of $500 per expert witness, except if the fees are shown to be exceptional and necessary. Stoddard maintains that the district court made no findings to support its award, except to hold that the costs were necessitated "because of the defense posture that was taken in this case," which finding the court later struck on the defense's motion.

■ A prevailing party may seek discretionary costs under I.R.C.P. 54(d)(1)(D), which commits the decision whether or not to award costs to the discretion of the district court. Subsection (C)(8) of Rule 54(d)(1) provides for costs as a matter of right for reasonable expert witness fees for an expert who testifies at trial not to exceed $500 for each expert witness for all appearances. Subsection (D) of the rule provides for the payment of additional items of cost in an amount in excess of that listed in subparagraph (C) as discretionary costs, "upon a

showing that the costs were necessary and exceptional costs reasonably incurred, and should in the interest of justice be assessed against the adverse party." The party opposing an award of discretionary costs bears the burden to demonstrate an abuse of the district court's discretion and, absent an abuse of discretion, the award will be upheld. *Wooley Trust v. DeBest Plumbing & Byers,* 133 Idaho 180, 983 P.2d 834 (1999).

The record reveals that the district court took under advisement the arguments regarding the expert witness fees. At the hearing on this issue, the court offered the following commentary:

> Well, and the Rule also provided that that, in the interest of justice, should be assessed against the adverse party, the Rule always provided that. (sic) And in this day and age of personal injury litigation, you're just not going to get a medical provider—especially the stature of, you know, Dr. Selznick—even Dr. Knoebel, which we are not talking about here because he was called by the defense.
>
> But anyway, I'm sure his bill was quite a bit more than $500 but. . . .

At the hearing on the defense's motion to strike portions of plaintiff's affidavit in support of its cost memorandum, the district court ruled:

> [T]hese allegations, you know, the defense tactics playing hardball and all of that stuff, I'm going to grant the motion to strike all of that from your affidavit. I'm not going to consider that in ruling on this motion, because I'm not privy to the negotiations. I don't think it would be proper for me to get involved and I guess if he wants to take a position that—I mean, I'm just not going to get involved in settlement negotiations and whether it was hardball or not.

The district court granted $14,325 in expert witness fees in its order of December 9, 2000, without additional findings. We conclude that the district court's comments indicating that the costs were necessary and exceptional duly support the award as a proper exercise of the district court's discretion. We, therefore, will not disturb the award of costs.

## VII. INTEREST ON OFFER OF JUDGMENT

Stoddard challenges the award of interest on the settlement offers, which the district court included in the judgment. He argues that plaintiff waived his right to recover this cost by not requesting the same pursuant to a motion under I.R.C.P. 54(d)(5).

Idaho Code § 12–301 authorizes the prevailing party to recover over and above the judgment annual interest on the amount contained in the settlement offer, computed from the date the offer of settlement was served:

> If the court finds that such claimant has recovered an amount equal to or greater than his offer of settlement, the court shall add to the judgment, annual interest on the amount contained in such offer, computed from the date that the offer of settlement was served and shall enter judgment accordingly.

The purpose of interest awarded under the offer of settlement statute is not punitive; it exists to encourage settlement of cases prior to trial by providing incentive to accept reasonable settlement offers. Interest on the judgment in excess of the rejected settlement offer, pursuant to statute, is not an item of "costs." We conclude that the district court properly held Stoddard liable for interest on the settlement offer.

## VIII. DATE OF JUDGMENT

Lastly, Stoddard contends that the date of judgment in this case is February 9, 2000, the date of entry of the final memorandum decision, order and judgment. He argues that the *nunc pro tunc* judgment violates I.R.C.P. 58(a) because the district court had no basis to find that accident, excusable oversight or mistake warranted the entry of an earlier judgment date. Stoddard's argument is without merit. Although the district court originally entered the judgment *nunc pro tunc,* referring back to the date the court orally pronounced its judgment (October 1, 1999), the district court thereafter vacated the *nunc pro tunc* judgment. The district court's judgment entered on October 4, 1999,

should be allowed to stand, subject to this Court's modification stated herein.

## ISSUES ON CROSS APPEAL

### I. DENIAL OF MOTION TO AMEND JUDGMENT

 Van Brunt asserts that the district court erred in denying his motion to amend or to alter the judgment wherein Van Brunt asked the court to delete the finding of ten percent negligence attributable to him. In effect, Van Brunt contends that there was insufficient evidence for the jury to find him ten percent negligent, that he should not be deemed negligent for failing to anticipate Stoddard's unexpected change of lane and turn into his path; and he seeks reversal of that finding by the district court.

 I.R.C.P. 59(e) provides for a motion to alter or amend the judgment. The rule provides to the trial court a mechanism to correct legal and factual errors occurring in the proceedings before it; and as long as the trial court recognizes the matter as discretionary and acts within the boundaries of its discretion, reaching its conclusions through an exercise of reason, the decision will not be disturbed on appeal. *Slaathaug v. Allstate Ins. Co.*, 132 Idaho 705, 979 P.2d 107 (1999). There was testimony from Van Brunt that when the light turned green, he accelerated to proceed through the intersection at a rate of speed within the posted limit. Van Brunt testified that his conduct was lawful and that he operated his motorcycle as a reasonably prudent person would do. The district court in ruling on the motion speculated as to what the jury may have relied upon to assess ten percent negligence against Van Brunt.

 Generally, a plaintiff's conduct affecting his comparative responsibility is a question for the jury. *Puckett v. Oakfabco Inc.*, 132 Idaho 816, 979 P.2d 1174 (1999); *Robinson v. Westover*, 101 Idaho 766, 620 P.2d 1096 (1980). Determination and apportionment of negligence is for the trier of fact and will not be set aside if supported by competent and substantial evidence. *Burgess v. Salmon River Canal Co., Ltd.*, 119 Idaho 299, 805 P.2d 1223, *appeal after remand* 127 Idaho 565, 903 P.2d 730 (1995).

Negligence is for the court only when all reasonable people would construe facts in the same way. *Cooper v. Oregon Short Line R. Co.*, 45 Idaho 313, 262 P. 873 (1927). Such was not the case here. Accordingly, the jury's verdict should stand, as well as the district court's decision not to amend the judgment, which was not an abuse of the district court's discretion.

### II. PREJUDGMENT INTEREST

 Van Brunt claims he is entitled to prejudgment interest on the past medical expenses as a matter of policy and because the amount of liability was liquidated and ascertainable, as required by statute. I.C. § 28–22–104. The application of the statute, which does not expressly exclude tort actions from its scope, is tempered by the limitation that in tort cases, the question of whether money is due awaits an eventual judgment. *Schenk v. Smith*, 117 Idaho 999, 1000, 793 P.2d 231 (Ct.App.1990). Plaintiff has pointed to no authority for an award of prejudgment interest in a case such as this one.

### CONCLUSION

The judgment of the district court is hereby affirmed, with the exception of the property damage award to Brett Van Brunt. We vacate that award and order entry of an amended judgment reflecting a reduction in the amount corresponding to the percentage of negligence the jury attributed to the plaintiff, Michael Van Brunt.

Van Brunt requests an award of attorney fees on appeal pursuant to I.C. § 12–121. However, we conclude that the appeal was not brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Therefore, the request for an award of fees is denied.

 Because of the mixed result, no costs are awarded.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.