IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 37203

SECURITY FINANCIAL FUND, LLC, an
Idaho limited liability corporation,

Plaintiff-Counterdefendant-Respondent,

and

SECURITY FINANCIAL SERVICES, INC.
an Idaho corporation; STRONG PAW
FINANCIAL SERVICES, LLC; STRONG
PAW FINANCIAL SERVICES, INC. an
Idaho corporation, NORTHWEST
TRUSTEE SERVICES, INC., an Idaho
corporation,

Counterdefendants,

v.

BYRON T. THOMASON and MARILYNN
THOMASON, husband and wife,

Defendants-Counterplaintiffs-Appellants.

Boise, June 2012 Term

2012 Opinion No. 112

Filed: July 6, 2012

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of
Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

The Final Judgment in favor of Security Financial is affirmed. Attorney's
fees and costs are awarded to Respondent

Marilynn Thomason, Rexburg, *pro se*.

Merrill & Merrill, Pocatello, for Respondents.

W. JONES, Justice

## I. NATURE OF THE CASE

Security Financial Fund, LLC, ("Security Financial") extended Byron Thomason and
Marilynn Thomason ("the Thomasons"), husband and wife, a series of loans evidenced by five
promissory notes, which were secured by three deeds of trust and two mortgages on real

property. As a result of the Thomasons' non-payment on the two promissory notes secured by the mortgages, Security Financial filed a Foreclosure Complaint in Case No. CV-07-34. In that case, the district court held that the Thomasons defaulted on the notes. While Case No. CV-07-34 was still pending, the Thomasons filed a separate action against Security Financial and others, assigned Case No. CV-07-461, which addressed all the promissory notes executed in favor of Security Financial by the Thomasons. That action sought recovery for breach of contract and fraud, among other theories. Both actions were later consolidated. The issue of default on the notes asserted in Case No. CV-07-34 has already been decided by the district court. The secured real property in that action has already been foreclosed on and sold at sheriff auction in accordance with the district court's Judgment. Furthermore, the issue of default with regard to the notes that were secured by the deeds of trust has also been resolved and is not an issue in this action. On appeal from the district court's decision to grant Security Financial's Motion for Summary Judgment with regard to the claims that the Thomasons asserted in Case No. CV-07-461, the Thomasons contend, among other things, that the district court lacked subject matter and personal jurisdiction to foreclose on the secured property and abused its discretion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Thomasons executed two promissory notes in July of 2005, which were secured by two mortgages on 256 acres of land owned by the Thomasons located in Rexburg, Idaho. After the Thomasons allegedly failed to make timely payments on those notes in the months of September through December of 2006, Security Financial filed a Foreclosure Complaint on January 12, 2007. The foreclosure action was assigned Case No. CV-07-34.

In their Answer, the Thomasons denied that they had defaulted on the notes, contending that they did make timely payments during those months on both promissory notes and that Security Financial fraudulently created the defaults in order to foreclose on the secured real property. Furthermore, the Thomasons asserted that Security Financial agreed to exhaust certain escrow funds allegedly held by Security Financial or to sell real property that secured another loan extended to the Thomasons by Security Financial prior to any default. Security Financial filed its Motion for Summary Judgment on February 15, 2007. On April 12, 2007, the district court provided the Thomasons with two weeks in which to produce evidence to establish that the notes at issue were not in default. Thereafter, the district court filed its Order Denying Security Financial's Summary Judgment Motion on June 21, 2007, holding that although the Thomasons had not produced copies of checks or payment coupons for payments on the promissory notes for

2

September and October of 2006, there was an issue of fact as to whether the Thomasons' accounts were properly credited.

On May 29, 2007, the Thomasons filed a Complaint against Security Financial and others, which was assigned Case No. CV-07-461. The Complaint contained allegations that Security Financial engaged in improper accounting and breached its contractual obligations to the Thomasons by failing to properly credit their accounts for payments made in escrow and by failing to sell a 70 acre parcel described by the Thomasons as the "Nelson Property" in order to satisfy five loans evidenced by five promissory notes executed by the Thomasons in favor of Security Financial, two of those notes included the notes addressed in Case No. CV-07-34. The five notes were secured by the two mortgages addressed in CV-07-34 and three deeds of trust. The Complaint as originally filed and later amended on May 12, 2008, raises issues of fraud, breach of contract, lack of standing, among other issues. Case No. CV-07-461 and Case No. CV-07-34 were consolidated by stipulation of the parties on October 22, 2007.

On February 22, 2008, the district court granted partial summary judgment to Security Financial on the issue of default on the two notes secured by the mortgages, but held that material issues of fact still remained concerning the amount owed by the Thomasons. The district court also held that it would appoint a special master to determine whether certain payments made by the Thomasons were properly credited to them from the escrow account or otherwise. Thereafter, on May 20, 2008, the district court appointed the accounting firm of Smith, Kunz & Associates to serve as a special master to compile an account of all amounts paid to Security Financial by the Thomasons. The special master filed its report on October 29, 2008. On February 20, 2009, the Court issued its Order Adopting the Special Master's Finding of Fact and Judgment upon the Thomasons making no objections to the special master's factual findings. Thereafter, on March 9, 2009, the district court entered a Decree of Foreclosure and Order of Sale in favor of Security Financial, holding that the amount of indebtedness on Promissory Note 1 is $423,927.53 on account number THOBYR3 and Promissory Note 2 is $80,636.25 on account number THOBY5. The Decree of Foreclosure and Order of Sale also foreclosed on the liens and ordered that the secured real property be sold at sheriff auction in Madison County, Idaho.

Thereafter, on August 17, 2009, with the issues of default and foreclosure resolved with regard to all of the mortgages and deeds of trust, Security Financial filed its Motion for Summary Judgment on the remaining issues raised by the Thomasons in Case No. CV-07-461. The district

3

court granted Security Financial's Motion for Summary Judgment and denied the Thomasons' Motion to Dismiss for Lack of Standing. The district court then issued a Renewed Order of Sale on October 27, 2009. The secured property was sold at sheriff auction. The Thomasons filed their Notice of Appeal on November 23, 2009. The Thomasons also filed a Second Amended Notice of Appeal on January 12, 2010, prior to the entry of a final judgment. This Court initially suspended the Thomasons' appeal for lack of a final appealable judgment. The district court then filed its Order of Final Judgment on April 9, 2010. Thereafter, the Thomasons timely filed their Third Amended Notice of Appeal on May 5, 2010.

## III. ISSUES ON APPEAL

1. Whether the Thomasons waived the majority of their claims on appeal?

2. Whether the district court lacked subject matter and personal jurisdiction?

3. Whether the district court erred when it granted Security Financial's Motion for Summary Judgment?

4. Whether the district court abused its discretion by awarding Security Financial attorney's fees pursuant to I.C. § 12-121?

5. Whether Security Financial is entitled to attorney's fees on appeal?

## IV. STANDARD OF REVIEW

"When reviewing a grant of summary judgment, this Court applies the same standard of review used by the district court in ruling on the motion." *Mortensen v. Stewart Title Guar. Co.*, 149 Idaho 437, 441, 235 P.3d 387, 391 (2010). A grant of summary judgment is warranted where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). The moving party bears the burden of proving the absence of an issue as to any material fact. *Blickenstaff v. Clegg*, 140 Idaho 572, 577, 97 P.3d 439, 444 (2004). The facts must be liberally construed in favor of the non-moving party. *Renzo v. Idaho State Dep't of Agric.*, 149 Idaho 777, 779, 241 P.3d 950, 952 (2010).

## V. ANALYSIS

### A. The Thomasons Waived the Majority of Their Claims on Appeal

The majority of the Thomasons' claims are "so lacking in coherence, citations to the record, citations of applicable authority, or comprehensible argument" that they are difficult, if not impossible, to understand. *See Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153 (2010). This Court will not consider an issue "not supported by argument and authority in the opening brief." *Id.* at 790, 229 P.3d at 1152 (quoting *Jorgensen v. Coppedge*, 145 Idaho 524,

4

528, 181 P.3d 450, 454 (2008)). Furthermore, this Court will not consider "general attack[s] on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors . . . ." *Bach*, 148 Idaho at 790, 229 P.3d at 1152. This Court declines to search the record on appeal for unspecified error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003).

Furthermore, the Thomasons present many new issues on appeal that lack argument or authority. This Court will not consider arguments raised for the first time on appeal. *Johannsen v. Utterbeck*, 146 Idaho 423, 429, 196 P.3d 341, 347 (2008). For these reasons, the Thomasons have waived the majority of their claims on appeal.

**B.     The District Court Had Subject Matter and Personal Jurisdiction**

The Thomasons contend that Security Financial did not have standing to bring its foreclosure action and that the district court lacked personal jurisdiction in that action because Security Financial assigned all the loans to Zions Bank in order to secure a line of credit before the pendency of the foreclosure action. Security Financial contends that the Thomasons' jurisdiction claim lacks merit because Zions Bank reconveyed all of its interest in the assignment to Security Financial before the pendency of the foreclosure action.

To satisfy the requirement of standing, a litigant must allege an injury in fact, a fairly traceable causal connection between the claimed injury and the challenged conduct, and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. *Troutner v. Kempthorne*, 142 Idaho 389, 391, 128 P.3d 926, 928 (2006). Before a suit can proceed, it must be "prosecuted in the name of the real party in interest." I.R.C.P. 17(a). A real party in interest is "one who has a real, actual, material or substantial interest in the subject matter of the action . . . ." *Caughey v. George Jensen & Sons*, 74 Idaho 132, 134–35, 258 P.2d 357, 359 (1953).

The Thomasons rely on a document entitled, Assignment of Beneficial Interest under Deed of Trust, dated September 29, 2005, to assert that Security Financial did not have standing to file its foreclosure action. That document assigned the "Deed of Trust executed by Byron T and Marilynn T Thomason grantor, in favor of Assignor, as beneficiary, and recorded on . . . January 24, 2005 . . . as Instrument No. 317314." The district court held that Exhibits 1 through 11 establish that Zions Bank reconveyed all the interest in the assignment back to Security Financial between January 24, 2005, and February 10, 2006, before Security Financial filed its Foreclosure Complaint and before the district court entered its Order of Final Judgment. The

Thomasons do not offer evidence to contradict this holding. What the Thomasons do offer is a wide array of new issues on appeal coupled with incoherent argument and authority. The Thomasons also provided this Court with unsupported accusations of fraud on the part of Security Financial, Zions Bank, and the district court. Therefore, this Court holds that the district court had personal jurisdiction in the underlying foreclosure action, and that Security Financial had standing and was at all times during the pendency of this action the real party in interest.

## C. The District Court Did Not Err When It Granted Security Financial's Motion for Summary Judgment

The Thomasons contend that the district court abused its discretion by granting Security Financial's Motion for Summary Judgment because Security Financial produced only inadmissible hearsay evidence and legal conclusions not based on personal knowledge to establish that Zions Bank reconveyed all of the interest in the notes to Security Financial before the pendency of this action. The Thomasons further assert that the district court abused its discretion by admitting evidence that allegedly consisted of inadmissible declarations of an agent made outside the presence of a principal to establish that Zions Bank reconveyed all the interest in the loans to Security Financial before the pendency of this action. The Thomasons finally state that the district court abused its discretion because Security Financial and the district court engaged in fraud.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *See Lee v. Nickerson*, 146 Idaho 5, 9, 189 P.3d 467, 471 (2008).

With regard to Security Financial's evidentiary claims, the district court only relied on Exhibits 1 through 11 when it held that Zions Bank reconveyed all of its interest in the assignment back to Security Financial. Those exhibits do not contain any affidavits. The district court did strike Exhibit 12 as hearsay, which consisted of a letter from counsel for Zions Bank, which explained that the assignment was "inadvertently not recorded in the records of Madison County . . . until on or about February 27, 2009, subsequent to the recording of the Reconveyances." It is unclear just what affidavits the Thomasons are referring to in their

6

opening brief. To the extent that the Thomasons have addressed other documents with regard to this issue, those arguments are waived because they are unsupported by argument and authority. *See Bach*, 148 Idaho at 790, 229 P.3d at 1152. The district court only relied on Exhibits 1 through 11. Therefore, this Court holds that the claim lacks merit.

In addition, the Thomasons' fraud claims are waived because they are unsupported by argument and authority. This Court declines to search the record to support such unsubstantiated accusations of fraud on the part of Security Financial and the district court, among others. *See Suits*, 138 Idaho at 400, 64 P.3d at 326.

Although the Thomasons argue that the district court abused its discretion when it granted Security Financial's Motion for Summary Judgment, abuse of discretion is not the appropriate standard with regard to a district court's decision on whether to grant a motion for summary judgment. Instead, summary judgment is warranted where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court therefore holds that the district court did not err in granting Security Financial's Motion for Summary Judgment because there is no genuine issue of material fact, and Security Financial is entitled to judgment as a matter of law because all of the Thomasons' claims on appeal are either waived or frivolous.

**D.    The District Court Did Not Err by Awarding Attorney's Fees Pursuant to I.C. § 12-121**

The Thomasons contend that the district court abused its discretion and engaged in fraud by awarding attorney's fees to Security Financial pursuant I.C. § 12-121. Because of the reasons mentioned in the previous sections and because the Thomasons do not provide argument or authority with regard to this issue, this Court holds that the district court did not err when it awarded Security Financial attorney's fees. *See Bach*, 148 Idaho at 790, 229 P.3d at 1152.

**E.    Security Financial Is Entitled to Attorney's Fees on Appeal**

Security Financial asserts that it is entitled to attorney's fees on appeal pursuant to I.C. § 12-121, arguing that the Thomasons brought their appeal frivolously, unreasonably, or without foundation.

Idaho Code section 12-121 provides in relevant part:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal

or amend any statute which otherwise provides for the award of attorney's fees.

Attorney's fees are awarded under this statute only when "the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v. Sullivan*, 132 Idaho 746, 751, 979 P.2d 619, 624 (1999).

This Court holds that Security Financial is entitled to attorney's fees on appeal pursuant to I.C. § 12-121 because all of the Thomasons' claims on appeal were "brought or pursued frivolously, unreasonably or without foundation." *Id.* Because Security Financial is entitled to attorney's fees on appeal pursuant to I.C. § 12-121, Security Financial's other claims for attorney's fees will not be addressed.

## VI. CONCLUSION

Because all of the Thomasons' claims are waived or frivolous, this Court affirms the Final Judgment in favor of Security Financial. Costs and attorney's fees are awarded to Security Financial.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.