**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40748**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) | 2014 Unpublished Opinion No. 844 |
| | ) | |
| Plaintiff-Respondent, | ) ) | Filed: December 3, 2014 |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| | ) | THIS IS AN UNPUBLISHED |
| RICHARD WILLIAM BREINHOLT and SUSAN LYN BREINHOLT, | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| | ) | |
| Defendants-Appellants. | ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge; Hon. Christopher M. Bieter, Magistrate.

District court's order affirming magistrate's order granting summary judgment, <u>affirmed</u>.

Richard William Breinholt and Susan Lyn Breinholt, Boise, pro se appellants.

Robinson Tait, P.S.; Jennifer Tait, Seattle, Washington, for respondent.

_____

GUTIERREZ, Chief Judge

Richard William Breinholt and Susan Lyn Breinholt appeal pro se from the district court's memorandum decision and order affirming the magistrate division's grant of summary judgment in favor of Deutsche Bank National Trust Company (Deutsche Bank) in an ejectment action. For the reasons that follow, we affirm.

**I.**

**FACTS AND PROCEDURE**

The Breinholts entered into a mortgage agreement secured by a deed of trust on the Breinholts' interest in real property located in Meridian. Subsequently, the Breinholts defaulted, and a trustee's sale occurred. As a result of the trustee's sale, Deutsche Bank acquired the Meridian property. With the assistance of counsel, the Breinholts filed a complaint in the Ada County District Court, challenging the validity of the nonjudicial foreclosure of the Meridian

1

property. The Breinholts later stipulated to an order of dismissal of their complaint with prejudice. The Breinholts next filed a pro se complaint, also challenging the validity of the nonjudicial foreclosure, in the United States District Court for the District of Idaho. The federal district court dismissed the complaint, finding in part that the doctrine of res judicata applied.

After the dismissal of the federal complaint, Deutsche Bank filed an action for ejectment in the Ada County District Court, which is the basis for this appeal. The Breinholts filed various documents in response, and Deutsche Bank filed a motion for summary judgment, in conjunction with an affidavit of Deutsche Bank's counsel. At a hearing on the motion for summary judgment, the magistrate entertained argument from Deutsche Bank and the Breinholts, but the magistrate announced that it would grant the motion, noting in part that the Breinholts' arguments were constrained by res judicata. The Breinholts appealed to the district court; the district court struck the appellate brief filed by the Breinholts, but the court nonetheless reviewed whether the magistrate erred by granting Deutsche Bank summary judgment. After determining that summary judgment was properly granted, the district court affirmed the magistrate's decision and order. The Breinholts appealed, and the district court stayed the judgment and order of eviction entered by the magistrate pending the result of the Breinholts' appeal.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id.*

# III.

# ANALYSIS

The Breinholts raise four issues in their appellate brief: first, whether the district court erred by not establishing standing; second, whether the district court erred by striking the appellate brief filed by the Breinholts in their appeal to the district court; third, whether the unlawful detainer statute is unconstitutional, as applied; and fourth, whether the "court err[ed] in taking as true, [a]verments, statements, and claims of Respondents' counsel." The Breinholts also attempt to raise other issues in their reply brief, but we will not consider those issues on appeal. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005) ("A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief.").

First, the Breinholts contend that Deutsche Bank lacked standing to bring the ejectment action; therefore, the Breinholts argue that the district court erred by not establishing standing. Initially, we note that a challenge to standing is generally raised by a party in the trial court by way of an Idaho Rule of Civil Procedure 12(b)(1) motion. Nonetheless, we examine whether Deutsche Bank had standing to bring the ejectment action, because standing raises an issue concerning the subject matter jurisdiction of the district court, *Bagley v. Thomason*, 149 Idaho 806, 807, 241 P.3d 979, 980 (2010), and questions of subject matter jurisdiction need not be raised in the lower court, *Idaho State Ins. Fund v. Turner*, 130 Idaho 190, 191, 938 P.2d 1228, 1229 (1997). To satisfy the requirement of standing, a litigant must allege an injury in fact, a fairly traceable causal connection between the claimed injury and the challenged conduct, and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. *Sec. Fin. Fund, LLC v. Thomason*, 153 Idaho 343, 347, 282 P.3d 604, 608 (2012). Here, there is an injury in fact that is traceable to the Breinholts' conduct (possession). Deutsche Bank alleged that it acquired the Meridian property through a trustee's deed; that the Breinholts currently possess the property; and that Deutsche Bank was entitled to possession of the property on the tenth day following the trustee's foreclosure sale, *see* Idaho Code § 45-1506(11). Furthermore, there is also a substantial likelihood that the judicial relief requested will redress the claimed injury, as an order of ejectment will lead to the removal of the Breinholts from the property. Accordingly, Deutsche Bank had standing to bring the ejectment action.

Next, the Breinholts contend that the district court erred by striking their appellate brief. Under I.R.C.P. 83(v), appellate briefs filed in appeals from the magistrate division before the district court must "be in the form and arrangement and filed and served within the time provided by rules for appeals to the Supreme Court unless otherwise ordered by the district court." Idaho Appellate Rule 35(a) specifies what an appellant's brief must contain. Appellate courts have no duty to search the record for error when a party fails to comply with the appellate rules. *Idaho Power Co. v. Cogeneration, Inc.*, 134 Idaho 738, 745, 9 P.3d 1204, 1211 (2000). Error, of course, is not presumed on appeal, and error must be shown by the party asserting error. *Id.* Here, as the district court correctly found, the Breinholts failed to comply with the Idaho Appellate Rules and submitted a brief interspersed with purported facts, issues, citations, and other information--some of which were relevant. It was not the job of the district court to search the record for error; hence, the district court did not err by striking the Breinholts' appellate brief from the magistrate division.

The Breinholts, however, argue that as pro se litigants, they may not be held to the same standard as an attorney, citing *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Our Supreme Court has repeatedly noted that pro se litigants are held to the same standards and rules as those litigants represented by an attorney. *E.g.*, *Trotter v. Bank of N.Y. Mellon*, 152 Idaho 842, 846, 275 P.3d 857, 861 (2012). Hence, pro se litigants, like all other litigants, must comply with the Idaho Appellate Rules. *Id.* While it may be true that under the United States Supreme Court's interpretation of *federal* procedure and rules, complaints from pro se inmates are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines*, 404 U.S. at 520, this does not apply to the procedures under the Idaho Appellate Rules. Idaho, as a separate sovereign state, is not bound by the procedural interpretations of the United States Supreme Court, unless the limitations derive from a constitutional provision that applies to the states.

The Breinholts also argue that Idaho's unlawful detainer statute is unconstitutional as applied to them.[1] However, because this issue was not raised below, we will not consider it on

---

[1] It is unclear which of the unlawful detainer statutory sections the Breinholts are challenging. We note that the Breinholts were not subject to an unlawful detainer action, but were subject to an ejectment action. Nonetheless, some of the statutory procedures specified in the unlawful detainer chapter of Title VI of the Idaho Code did apply to the ejectment action, because the action was an action for possession and involved tenants at sufferance. *See, e.g.*, Idaho Code § 6-310.

appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Finally, the Breinholts contend that the court erred by taking the averments of Deutsche Bank's counsel as true. Although the Breinholts are referring to Deutsche Bank's counsel's affidavit filed before the magistrate division, it is not clear which court the Breinholts are referring to. If they contend the magistrate should not have relied on the affidavit of Deutsche Bank's counsel, they did not raise this argument below, and we will not consider it on appeal. *Id.* If the Breinholts contend that the district court erred by relying on the affidavit of Deutsche Bank's counsel filed before the magistrate, they do not present a cogent argument in support of their contention. Specifically, the Breinholts do not explain how the district court relied on the affidavit and how an inaccuracy in the affidavit, if any, would have impacted the district court's decision. Moreover, we note that the affidavit was properly part of the record for the district court to consider.

## IV.
## CONCLUSION

The district court's order affirming the magistrate's grant of summary judgment in favor of Deutsche Bank is affirmed. Costs on appeal are awarded to Deutsche Bank because it is the prevailing party. I.A.R. 40(a).

Judge GRATTON and Judge MELANSON, **CONCUR.**