44 P.3d 1138

**Daniel R. ENGLEMAN, individually, Plaintiff–Appellant,**

v.

**Ramon MILANEZ, Jr., individually; Ramon Milanez, Sr., individually, Defendants–Respondents,**

and

**Does I–V, unknown parties, Defendants.**

No. 27277.

Supreme Court of Idaho, Boise, February 2002 Term.

March 21, 2002.

Litster Law Offices, Boise, for appellant. Mitchell Ronald Barker argued.

D. Kirk Bybee, Pocatello, for respondents.

EISMANN, Justice.

The plaintiff appeals from an order of the district court dismissing Ramon Milanez, Jr., and Ramon Milanez, Sr., from this action because the plaintiff failed to serve the summons upon them within six months after the filing of the complaint, as required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure. Because these defendants had appeared in the action within that six-month period, we reverse the order of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On February 16, 2000, the plaintiff filed this action seeking to recover damages from the defendants for injuries he allegedly received in a motor vehicle collision that occurred on February 24, 1998. The plaintiff alleged that the collision was caused by the negligence of Ramon Milanez, Jr., while he drove an automobile owned by Ramon Milanez, Sr., with the latter's consent.

On May 8, 2000, counsel for Ramon Milanez, Jr., and Ramon Milanez, Sr., (herein "defendants") filed a notice of appearance. In the notice of appearance, he stated that he appeared on behalf of the defendants and "hereby reserves all objections and defenses, including but not limited to defenses provided for under Rule 12(b) of the Idaho Rules of Civil Procedure." On May 25, 2000, the defendants filed an answer. In their answer, they alleged as a sixth affirmative defense that "the Plaintiff's Complaint should be dismissed for reason that plaintiff's service of process of this Summons and Complaint is insufficient." The defendants served their answer by mail upon the plaintiff on May 22, 2000.

The defendants initiated and responded to discovery, and on August 17, 2000, the district court issued an order setting this case for trial to commence on April 3, 2001. On November 2, 2000, the defendants moved pursuant to Rule 4(a)(2) of the Idaho Rules of Civil Procedure[1] to be dismissed from this action because they had not been served with process within six months after the filing of the complaint. According to the defendants, summonses had been issued when the complaint was filed, but they had never been served. The district court held that the defendants had preserved the issue of insufficiency of process in their notice of appearance and answer and that the plaintiff had failed to show good cause for failing to serve the defendants within the six-month period. It therefore dismissed the defendants from this case. The plaintiff then appealed.

## II. ANALYSIS

■ The filing of a notice of appearance by a party is equivalent to the service of process upon that party. Rule 4(i) of the Idaho Rules of Civil Procedure provides:

The voluntary appearance of a party or service of any pleading by the party, except as provided herein, constitutes voluntary submission to the personal jurisdiction of the court. A motion under Rule 12(b)(2), (4) or (5), whether raised before or after judgment, does not constitute a voluntary appearance by the party under this rule. The joinder of other defenses in a motion under Rule 12(b)(2), (4) or (5) does not constitute a voluntary appearance by the party under this rule. If, after a motion under Rule 12(b)(2), (4), or (5) is denied, the party pleads further and defends the action, such further appearance and defense of the action will not constitute a voluntary appearance under this rule.

Rule 4(i) provides that the voluntary appearance or service of any pleading by a party constitutes voluntary submission to the personal jurisdiction of the court. Because it is by service of the summons that the court acquires personal jurisdiction over a party, *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 221, 646 P.2d 988, 992 n. 7 (1982), the voluntary appearance by a party is equivalent to service of the summons upon that party.[2]

---

1. Rule 4(a)(2) of the Idaho Rules of Civil Procedure provides as follows:
   Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf *such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with 14 days notice to such party or upon motion.*

2. As originally adopted, Rule (i) provided, "The voluntary appearance of a party or the service of any pleading by him is equivalent to personal service of the summons and a copy of the complaint on him." In 1984 the rule was amended to add the phrase "and constitutes voluntary submission to the personal jurisdiction of the court" in order to make it clear that a voluntary appearance subjects the party to the jurisdiction of the court. In 1995 the phrase "is equivalent to personal service of the summons and a copy of

Rule 4(i) further provides that the voluntary appearance or service of any pleading by a party constitutes voluntary submission to the personal jurisdiction of the court "except as provided herein." It then lists three exceptions. First, filing a motion under Rule 12(b)(2), (4), or (5) does not constitute a voluntary appearance. Second, filing a motion asserting any other defense does not constitute a voluntary appearance if it is joined with a motion under Rule 12(b)(2), (4), or (5). Finally, filing a pleading and defending the lawsuit does not constitute a voluntary appearance if it is done after the trial court has denied the party's motion under Rule 12(b)(2), (4), or (5).

■ In this case, defendants' counsel filed a notice of appearance on May 8, 2000. That notice of appearance was not a motion under Rule 12(b)(2), (4), or (5), and therefore the filing of the notice constituted a voluntary appearance by the defendants in this action, which was the equivalent of the service of the summons upon them. IDAHO R. CIV. P. 4(i). Counsel's statement in the notice of appearance that he "hereby reserves all objections and defenses, including but not limited to defenses provided for under Rule 12(b) of the Idaho Rules of Civil Procedure" was of no effect.

In 1979 Rule 4(i) was amended to read that a voluntary appearance was not equivalent to personal service of the summons and a copy of the complaint if "that voluntary appearance or pleading asserts any of the defenses listed under Rule 12(b)(2), (4) or (5)." [3] Under the 1979 version of Rule 4(i), a voluntary appearance that "asserts" any of the defenses listed under Rule 12(b)(2), (4), or (5) would not be the equivalent of personal service of the summons upon the party. In 1984, however, that language was deleted from Rule

4(i), and it was amended to provide that any appearance, other than a *motion* under Rule 12(b)(2), (4), or (5), or a motion asserting another defense that was joined with a *motion* under Rule 12(b)(2), (4), or (5), constitutes a voluntary appearance.[4] Here, there was no motion under Rule 12(b)(2), (4), or (5).

By filing the notice of appearance on May 8, 2000, the defendants appeared in this action, and such appearance was the equivalent of the service of a summons upon them. As a result, it was error for the trial court to dismiss them from this lawsuit under Rule 4(a)(2).

The district court held that because the defendants alleged insufficiency of process as an affirmative defense in their answer, they preserved that issue under Rule 12(h)(1). They could therefore seek dismissal under Rule 4(a)(2) on the ground that they had never been served with process. Rule 12(h)(1) provides, "A defense of lack of jurisdiction over the person, ... insufficiency of process, or insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading." Conversely, it is not waived if it is either made by motion under Rule 12 or included in a responsive pleading.

There is a conflict between Rule 4(i) and Rule 12(h)(1) in those instances in which a party's first appearance in an action is the service of an answer that alleges as an affirmative defense either lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process. In that circumstance, the defense would have been lost under Rule 4(i) because it was not first raised by motion under Rule 12(b)(2), (4), or (5). By filing the answer, the party would have voluntarily submitted to the personal jurisdiction of the court. Under Rule

the complaint upon the party" was deleted as being redundant.

**3.** The Rule as amended in 1979 provided, "The voluntary appearance of a party or the service of any pleading by him is equivalent to personal service of the summons and a copy of the complaint on him, unless that voluntary appearance or pleading asserts any of the defenses listed under Rule 12(b)(2), (4) or (5)."

**4.** The Rule as amended in 1984 provided:

The voluntary appearance of a party or the service of any pleading by him, except a motion under Rules 12(b)(2), (4) or (5), is equivalent to personal service of the summons and a copy of the complaint on him, and constitutes voluntary submission to the personal jurisdiction of the court. The joinder of other defenses in a motion under Rules 12(b)(2), (4) or (5) does not constitute a voluntary appearance by the party under this rule.

12(h)(1), however, the defense would not have been lost because it was included in a responsive pleading.

We need not resolve that conflict in this case, however, because the defendants' first appearance in this lawsuit was the filing of their notice of appearance. That notice of appearance was neither a motion nor a responsive pleading. IDAHO R. CIV. P. 7(a) & (b)(1). Therefore, Rule 12(h)(1) did not apply to it. Once the defendants had appeared in this action, they had voluntarily submitted to the personal jurisdiction of the court. They could not later defeat that jurisdiction when they filed their answer alleging insufficiency of service of process as an affirmative defense.

### III. CONCLUSION

Because the defendants appeared in this action within six months after the filing of the complaint, the district court erred in dismissing them from this action under Rule 4(a)(2) of the Idaho Rules of Civil Procedure. The plaintiff is awarded costs on appeal.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.