78 P.3d 379

**Gina L. LOHMAN, Plaintiff–Respondent– Cross Appellant,**

v.

**Kenton C. FLYNN, Defendant–Appellant– Cross Respondent.**

No. 28607.

Supreme Court of Idaho, Boise, April 2003 Term.

June 27, 2003.

Rehearing Denied Oct. 22, 2003.

314

Clark & Feeney, Lewiston, for appellant. Charles M. Stroschein argued.

Randall, Blake & Cox, Lewiston, for respondent. Carmel A. McCurdy Lewis argued.

WALTERS, Justice.

Gina Lohman initiated this action against Kenton Flynn, the father of her child, seeking recovery of expenses in connection with the pregnancy and birth of the child and reimbursement for the expenses incurred in raising the child prior to the time child support was established in a paternity action. Following trial, the trial court utilized the child support guidelines to determine the amount to be paid by Flynn and awarded reimbursement for support of the child to Lohman within the applicable statute of limi-

tation. This case comes before the Court following the appeal to the district court, which held that Gina Lohman's request for reimbursement was barred by *res judicata* because the request should have been raised during the paternity action. Both parties appeal. We agree with the district court's analysis, reverse the trial court's judgment and dismiss the action.

## FACTS AND PROCEDURAL BACKGROUND

Gina Lohman and Kenton Flynn had a child on June 25, 1990. The parties were never married. The issue of paternity arose at the time of the child's birth, but Lohman denied that Flynn was the father. Flynn, however, was aware of the possibility that he was the child's father.

Lohman filed an application for child support services with the State of Idaho in February 1999. In March 1999, the state brought a paternity action against Flynn. Flynn was found to be the child's father. On September 13, 1999, the court issued an Order of Paternity and Child Support. The order awarded child support to begin on August 1, 1999. The order also awarded an arrearage judgment for child support, for the period from the filing of the paternity action in March 1999 to July 31, 1999.

In January 2000, Lohman filed this action against Flynn in the magistrate division of the district court for reimbursement of expenses incurred in raising the child prior to the time paternity was established. Flynn filed a special appearance requesting the case be dismissed for lack of personal jurisdiction, improper venue, and lack of proper service of process. Flynn also filed an answer alleging affirmative defenses of *res judicata*, statute of limitation, laches, estoppel and failure to join these claims in the prior paternity action.

Following a hearing on the parties' pretrial motions, the trial court determined that the statute of limitation pursuant to I.C. § 5–218 applied and limited Lohman's claim to the years 1997–1999. The trial court also addressed evidentiary problems, such as Lohman failing to attend a deposition and failing to comply with discovery requests, finding that Lohman's noncompliance went directly to her burden of proof and if she was unable to meet the burden that she would have to face the repercussions of not prevailing on her claim. The magistrate considered Flynn's contentions that the court lacked personal jurisdiction and that Lohman's claim should be barred by *res judicata* and laches. The court found that Flynn had subjected himself to jurisdiction in the paternity action and that Flynn had resided and worked in Idaho, conferring jurisdiction upon the court. The magistrate determined that Lohman had an independent interest in seeking reimbursement from Flynn and that her case was not barred by *res judicata*. Further, the trial court concluded that laches did not apply because Flynn would not be prejudiced by the relief sought by Lohman. Finally, the magistrate determined if Lohman met her threshold burden of proof that the court would apply the child support guidelines to calculate the amount of reimbursement.

The trial court found that the evidence produced at trial established that Lohman provided food, clothing, housing and recreational necessities for the child since the time of her birth, although the exact amount of money expended was not documented. The evidence further established that Flynn had not provided Lohman support for the child prior to the paternity action. Following trial, the magistrate found that Lohman had met her burden of proof and awarded reimbursement for the period from January 20, 1997, until March 1999, in accordance with the child support guidelines.

Flynn appealed the magistrate's decision to the district court arguing, among other things, that Lohman's action was barred by *res judicata*. The district court agreed with Flynn's *res judicata* argument and reversed the magistrate's decision. The district court then remanded the case with directions to enter the judgment in favor of Flynn and dismiss the action.

## ISSUES PRESENTED ON APPEAL

1. Did the court have jurisdiction over Flynn and was he properly served?

2. Did the district court err in finding the doctrine of *res judicata* barred Lohman's request for reimbursement of past due child support?

3. Did the court err in making certain rulings on evidentiary objections throughout the pendency of this case?

4. Whether Lohman met her burden of proof in establishing reimbursement for amounts paid on behalf of the child?

5. Is Lohman's action barred by laches or estoppel for failing to pursue her action in a timely fashion?

6. Should the district court have awarded attorney fees to Flynn?

7. Is either of the parties entitled to attorney fees on appeal?

## STANDARD OF REVIEW

■ When reviewing the decision of a district court acting in its appellate capacity over the magistrate division, the Supreme Court reviews the magistrate judge's decision independently of, but with due regard for, the district court's intermediate appellate decision. *See Swanson v. Swanson,* 134 Idaho 512, 515, 5 P.3d 973, 976 (2000); *Balderson v. Balderson,* 127 Idaho 48, 51, 896 P.2d 956, 959 (1995). The findings of fact by the magistrate judge will be upheld by this Court if they are supported by substantial, competent evidence in the record. *Id.* With respect to the trial court's conclusions of law, this Court exercises free review. *Id.*

■ The lower court's discretionary decisions will be upheld on appeal absent a showing that the court abused its discretion. *Quiring v. Quiring,* 130 Idaho 560, 563, 944 P.2d 695, 698 (1997). When an exercise of discretion is reviewed on appeal, the Court inquires: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by exercise of reason. *Id.* (citations omitted).

## DISCUSSION

### I.

### Jurisdiction and Service of Process

A. *Jurisdiction*

■ Flynn argues that the trial court did not have personal jurisdiction over him because he was not a resident of Idaho nor has he had contact or lived within the state. Flynn contends that the court should not be able to bootstrap jurisdiction from the paternity action to this case. Flynn asserts that since this is a reimbursement action rather than a child support action, I.C. § 7–1026 should not be utilized to confer jurisdiction in the court. Lohman contends that Flynn is not excepted from jurisdiction pursuant to I.C. § 7–1026 because he stands as an obligor, not a petitioner. Lohman points out that Flynn subjected himself to jurisdiction in the paternity action. Further, Lohman notes that the baby was born in Idaho and that Flynn resided and worked both in Idaho and Washington.

The magistrate addressed whether the court had personal jurisdiction over Flynn and found the following:

> The evidence in this case shows that [the child] was conceived in Idaho based upon Mr. Flynn's own exhibits. It is clear from the evidence prior to the conception of [the child], Mr. Flynn resided with Ms. Lohman both in Idaho and Washington and that he worked at Potlatch Corporation in Idaho as a contractor. Mr. Flynn subjected himself to jurisdiction of the court in the paternity action in Nez Perce County Case No. 99 00667. From these facts this Court has personal jurisdiction over Mr. Flynn for the purposes of this case. Therefore, Mr. Flynn's motion to dismiss for lack of personal jurisdiction is denied.

The district court did not address the issue of jurisdiction on appeal.

■ In order for a judgment to be declared void, there must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit.

*Puphal v. Puphal,* 105 Idaho 302, 306, 669 P.2d 191, 195 (1983).

Idaho Code § 7–1004 provides the basis for jurisdiction over a nonresident in child support cases:

In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a non-resident individual or the individual's guardian or conservator if:

(1) The individual is personally served with notice within this state;

(2) The individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;

(3) The individual resided with the child in this state;

(4) The individual resided in this state and provided prenatal expenses or support for the child;

(5) The child resides in this state as a result of the acts or directives of the individual;

(6) The individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;

(7) The individual asserted parentage in the registry maintained in this state by the vital statistics unit of the department of health and welfare provided in section 16–1513, Idaho Code; or

(8) There is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

Idaho Code § 7–1026 grants limited immunity to a petitioner as follows:

(1) Participation by a petitioner in a proceeding before a responding tribunal, whether in person, by private attorney, or through services provided by the support enforcement agency, does not confer personal jurisdiction over the petitioner in another proceeding.

(2) A petitioner is not amenable to service of civil process while physically present in this state to participate in a proceeding under this chapter.

(3) The immunity granted by this section does not extend to civil litigation based on acts unrelated to a proceeding under this chapter committed by a party while present in this state to participate in the proceeding.

Although Flynn contends that jurisdiction cannot be conferred pursuant to I.C. § 7–1026, the trial court had personal jurisdiction pursuant to I.C. § 7–1004. From the trial court's order, it is apparent that the magistrate relied upon the conception of the child within Idaho and the fact that Flynn has previously resided in Idaho, not just the fact that Flynn submitted to jurisdiction in the paternity case. In the Paternity Affidavit submitted by Flynn as a trial exhibit, the state of conception is listed as Idaho. Further, the child resides in Idaho with her mother. Given both of these facts, the state of Idaho has personal jurisdiction over Flynn pursuant to I.C. § 7–1004(6) and (5).

This Court holds that personal jurisdiction over Flynn in the state of Idaho is proper.

## B. *Service of Process*

■ Flynn contends that he was not properly served pursuant to I.R.C.P. 4(d)(2) because the papers were not served upon him personally but were left sitting on his doorstep. He filed a special appearance requesting the complaint be dismissed pursuant to I.R.C.P. 12(b)(2), (b)(3), (b)(4), (b)(5), (b)(6), 40(e)(1)(A) and I.C. § 5–404. Flynn specifically raised the issue of service in his special appearance by stating that he "was not personally served, nor was anyone in his residence of legal age served in person or otherwise." Flynn again raised the issue of proper service upon appeal to the district court even though the issue was not decided by the magistrate.

Lohman argues that Flynn waived this argument because he voluntarily appeared in the action and because he failed to request a timely hearing on the motion for dismissal and continued arguing the merits of the case without a ruling. Lohman further contends

that Flynn was placed on notice and had an opportunity to be heard.

Idaho Rule of Civil Procedure 4(d)(2) details the requirements for personal service upon individuals as follows:

> Upon an individual other than those specified in subdivision (3) of this rule, by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person over the age of eighteen (18) years then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

■ The service of the summons confers the court with personal jurisdiction over a party. *Engleman v. Milanez*, 137 Idaho 83, 84, 44 P.3d 1138, 1139 (2002). The filing of a notice of appearance by a party is equivalent to the service of process upon that party. *Id.* Idaho Rule of Civil Procedure 4(i) provides that the voluntary appearance or service of any pleading by a party constitutes submission to the personal jurisdiction of the court. *Id.* Thus, the voluntary appearance by a party is equivalent to service of the summons upon that party. *Id.*

> Rule 4(i) further provides that the voluntary appearance or service of any pleading by a party constitutes voluntary submission to the personal jurisdiction of the court "except as provided herein." It then lists three exceptions. First, filing a motion under Rule 12(b)(2), (4), or (5) does not constitute a voluntary appearance. Second, filing a motion asserting any other defense does not constitute a voluntary appearance if it is joined with a motion under Rule 12(b)(2), (4), or (5). Finally, filing a pleading and defending the lawsuit does not constitute a voluntary appearance if it is done after the trial court has denied the party's motion under Rule 12(b)(2), (4), or (5).

*Id.* at 84–85, 44 P.3d at 1139–1140.

■ Under I.R.C.P. 60(b)(4), a judgment may be set aside if that judgment is found to be void.

Generally, where a party has not been served with process or was improperly served with process, any judgment against such party is void. *Wells v. Valley Natl. Bank of Arizona*, 109 Ariz. 345, 509 P.2d 615 (1973). As we noted in *Garren v. Rollis*, 85 Idaho 86, 375 P.2d 994 (1962):

> Under the due process clause of the Constitution of the United States, a personal judgment rendered without service of process on, or legal notice to, a defendant, in the absence of a voluntary appearance or waiver is void, and not merely voidable.

*Thiel v. Stradley*, 118 Idaho 86, 87, 794 P.2d 1142, 1143 (1990). Thus, a judgment taken in an action where service of process was not made, or improperly made, is void and may be vacated pursuant to I.R.C.P. 60(b)(4). *Id.* Under I.R.C.P. 60(b)(4), a litigant has a reasonable time within which to bring a motion to set aside a void judgment. *Id.* at 88, 794 P.2d at 1144.

■ The burden is on the serving party to clearly establish that proper service has been made. *Dustin v. Beckstrand*, 103 Idaho 780, 788, 654 P.2d 368, 376 (1982). This Court recently noted:

> The burden is on the party who failed to effect timely service to demonstrate good cause. The determination of whether good cause exists is a factual one. The Court in [*Shaw v. Martin*, 20 Idaho 168, 175, 117 P. 853, 855 (1911)], that was not bound by a statute or rule defining timely service of a complaint, instructed that the factual question was "to be determined upon the proof offered and the diligence shown by the plaintiff in making such service, and must be decided by the court upon the facts as they are presented." In ascertaining whether good cause exists, there is no bright-line test; the question of whether legal excuse has been shown is a matter for judicial determination based upon the facts and circumstances in each case.

*Martin v. Hoblit*, 133 Idaho 372, 375, 987 P.2d 284, 287 (1999) (citations omitted).

Flynn did not subject himself to the jurisdiction of the court pursuant to I.R.C.P. 4(i) because he did not voluntarily appear. The

record does not contain a notice of service, nor is there a request for service of process on an out-of-state defendant. On the other hand, the record does not reflect that Flynn requested a hearing specifically on the service issue. Neither of the lower courts appear to have ruled upon the service of process issue.

It is clear that the papers were not left with a person at Flynn's residence; the papers were left on the front doorstep. From these facts alone, it would appear that Flynn was not properly served pursuant to I.R.C.P. 4(d)(2) and the judgment may be rendered void. However, this Court concludes that Flynn, by pursuing the case without requesting a hearing or final determination from either of the lower courts on the personal service of process question, abandoned the issue of personal service. Rule 4(i) of the Idaho Rules of Civil Procedure provides, "If, after a motion under Rule 12(b)(2), (4), or (5) is denied, the party pleads further and defends the action, such further appearance and defense of the action will not constitute a voluntary appearance under this rule." Pleading further and defending the action does not constitute a voluntary appearance only if it is done "after a motion under Rule 12(b)(2), (4) or (5) is denied." Because Flynn did not bring his motion to dismiss on for hearing, the trial court never denied it. Thus, his actions in defending the action on the merits constituted a voluntary appearance because they were done before any denial of his motion under rule 12(b)(2), (4), or (5).

## II.

### Res Judicata

 Lohman contends the district court erred in holding that *res judicata* barred her claim for reimbursement. Lohman asserts that she is not seeking the same relief as the state sought in the paternity case and therefore *res judicata* should not bar her from bringing this action to attempt to recover her expenses for raising the child before paternity was established.

Flynn argues that the district court properly held the doctrine of *res judicata* barred

Lohman's request for reimbursement. Flynn also contends he should not be required to relitigate the reimbursement of support prior to the date of filiation, when the paternity action already made an award for a period of time prior to the order.

 Whether *res judicata* or collateral estoppel bars the relitigation of issues adjudicated in prior litigation between the same parties is a question of law upon which this Court exercises free review. *Mastrangelo v. Sandstrom, Inc.*, 137 Idaho 844, 846, 55 P.3d 298, 300 (2002). There are five factors that must be considered in determining whether collateral estoppel will act as a bar:

> 1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; 2) the issue decided in the prior litigation was identical to the issue presented in the present action; 3) the issue sought to be precluded was actually decided in the prior litigation; 4) there was a final judgment on the merits in the prior litigation; and 5) the party against whom the issue is asserted was a party or in privity with a party to the prior litigation.

*Western Indus. and Environmental Services, Inc. v. Kaldveer Associates, Inc.*, 126 Idaho 541, 544, 887 P.2d 1048, 1051 (1994).

> *Res judicata* is comprised of claim preclusion (true *res judicata*) and issue preclusion (collateral estoppel). Under principles of claim preclusion, a valid final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties upon the same claim. The three fundamental purposes served by *res judicata* are:
>
> > First, it "[preserves] the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results." Second, it serves the public interest in protecting the courts against the burdens of repetitious litigation; and third, it advances the private interest in repose from the harassment of repetitive claims.

The doctrine of claim preclusion bars not only subsequent relitigation of a claim previously asserted, but also subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made.

*Hindmarsh v. Mock,* 138 Idaho 92, 94, 57 P.3d 803, 805 (2002) (citations omitted).

The magistrate ruled upon Flynn's defense of *res judicata* in its pretrial order. The trial court found that there was not evidence that established that Lohman had participated in the paternity case nor that her claims were identical to the paternity action. Further, the magistrate found that Lohman did not have a full and fair opportunity to litigate her reimbursement claim and that the paternity action should not prevent her from bringing her own action. The magistrate concluded that

Ms. Lohman's interest is not derivative of the Department of Health and Welfare's interest in the first action. Ms. Lohman has an independent interest in seeking reimbursement from Mr. Flynn for the support of [the child] provided she can establish she expended her own funds for the support. Mr. Flynn should not be relieved of that responsibility just because he entered into a stipulation with the State of Idaho establishing his paternity and current child support obligation. For these reason Ms. Lohman's claim is not barred by the doctrine of res judicata.

The district court on appeal determined that Lohman's claim for reimbursement was barred by *res judicata* by finding that this action "might and should have been litigated in the first suit" because the state could have pursued an order for reimbursement in the paternity action. The district court found that Lohman and the state of Idaho were in privity and that Lohman derived a direct interest in the outcome of the prior litigation by the state.

As to the first factor, Lohman requested the state to initiate the paternity and child support case on her behalf. Following the initial contact, Lohman contends that she was only somewhat involved in the process, that she did not participate in the litigation nor was she informed on how the case was

progressing or apprised of the status of the case. Idaho Code § 56–203A allows the state to "accept applications for support enforcement services on behalf of persons who are not recipients of public assistance and may take action as it seems appropriate to establish, modify or enforce support obligations against person owing a duty to pay support." This Court holds that I.C. § 56–203A appears broad enough to allow for Lohman to request the state to pursue her reimbursement claim in the paternity and child support action.

Second, in the prior action, the state established paternity of the child and set child support from the time the complaint was filed. Here, Lohman is seeking reimbursement for the expenses she incurred in raising the child prior to the time paternity was established, in essence, an allowance for prior support for the child. Third, the issue of reimbursement was not raised in the prior litigation, while the court addressed and awarded child support. Fourth, there was a final judgment on the merits in the prior litigation, but the judgment did not specifically address the reimbursement of prior expended funds.

The factor that this case turns on, is whether Lohman was in privity with the state of Idaho in the prior litigation. To establish privity, it must be shown that the plaintiff derived a direct interest in the outcome of the former litigation from the prior defendant. *Gubler v. Brydon,* 125 Idaho 107, 110, 867 P.2d 981, 984 (1994).

The magistrate found that Lohman and the state were not in privity because Lohman had an independent interest in seeking reimbursement, and stated "Flynn should not be relieved of [his] responsibility just because he entered into a stipulation with the State of Idaho establishing his paternity and child support obligation."

The district court found that there was privity between Lohman and the state because Lohman initiated the paternity action through the state, concluding:

that she paid a fee for the state to initiate the paternity action, that she chose to use the state to initiate the paternity action,

and that she received all money collected from the paternity action.... Since the state did not provide any public assistance on behalf of [the child], it did not have an independent basis for pursuing the paternity action. Instead, its right bring the action had to have derived from [Lohman's] interest, and, in fact, [Lohman] requested the state to bring the action. Additionally, since [Lohman] received all of the money collected as a result of the paternity action, [Lohman] 'derived a direct interest in the outcome of the former litigation' from the State.

This Court agrees with the rationale of the district court and holds that privity was present between Lohman and the state. The state did not have an independent basis for pursuing this action, since it had not provided public assistance for the child. I.C. § 7–1110; *see also* I.C. § 56–203A. The state's interest derived from Lohman's request to act on her behalf to determine paternity and establish child support. I.C. § 56–203A. Although Lohman may not have been an active participant in the prior litigation, all of the benefits recovered were given to Lohman; the state had nothing to recover. Lohman clearly derived a direct interest in the outcome of the former litigation and, therefore, was in privity with the state.

This Court holds that the doctrine of *res judicata* bars Lohman from pursuing her claim for reimbursement of expenses incurred in supporting the child prior to paternity being established.

With this conclusion, the issues of evidentiary rulings, whether Lohman met her burden of proof, or the effect of laches and estoppel, need not be addressed by this Court.

## IV.

## Attorney Fees

### A. *Before the District Court*

■ Flynn argues that the district court, acting in its appellate capacity, erred by denying his request for an award of attorney fees. Flynn contends that Lohman's action was frivolous, unreasonable and without

foundation because of the prior paternity action.

The district court denied the award of attorney fees to both parties on appeal from the magistrate division because even though Flynn was the prevailing party and the issues he raised were legitimate, the court concluded that Lohman's prosecution of her action was not frivolous, unreasonable or without foundation.

■ A discretionary decision with regard to the award of attorney fees should be subject to vacation only upon a showing of an abuse of discretion. *McCann v. McCann*, 138 Idaho 228, 238, 61 P.3d 585, 595 (2002).

Here, the district court acknowledged that the award of attorney fees was within its discretion and utilized the legal standards applicable to the award of attorney fees on appeal to make its decision. There is nothing in Flynn's argument to show that the district court abused its discretion in denying attorney fees on appeal.

This Court holds that the district court did not err in denying attorney fees on the interim appeal to either party.

### B. *On Appeal*

■ Both parties request attorney fees on this appeal. Flynn contends that he should be found to be the prevailing party and is entitled to attorney fees on appeal. Lohman asserts that Flynn has presented no cogent challenge to the trial judge's exercise of discretion and that his request for an award of attorney fees should be denied. Additionally, Lohman contends that Flynn presented no meaningful issue of a question of law and is merely requesting this Court to reweigh the evidence. Lohman asserts that she is entitled to attorney fees on appeal because the appeal from the district court was brought, pursued and defended frivolously, unreasonably or without foundation.

Idaho Code § 12–121 provides for the discretionary award of reasonable attorney fees to the prevailing party. This Court declines to award fees to either party because the appeal to the district court and to this Court raised issues of importance not previously decided.

## CONCLUSION

This Court concludes that personal jurisdiction over Flynn in the State of Idaho was proper. It is also concluded that Flynn abandoned his claim for improper service by failing to request a hearing or a ruling by the lower courts. This Court holds that *res judicata* bars Lohman's request for reimbursement as she should have requested it in the prior litigation. The case is remanded to the magistrate division with direction that the action be dismissed. No costs or fees awarded on appeal.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.