193 P.3d 866

**RHINO METALS, INC.,**
**Plaintiff–Appellant,**

v.

**Howard CRAFT, an individual;  H & S Hunting, Defendants–Respondents.**

No. 34380.

Supreme Court of Idaho,
Boise, September 2008 Term.

Sept. 24, 2008.

Charney & Associates, PLLC, Eagle, for appellant. Jacob D. Deaton argued.

Brassey, Wetherell, Crawford & Garrett, Boise, for respondents. Bradley S. Richardson argued.

EISMANN, Chief Justice.

This is an appeal from an order dismissing the action for lack of personal jurisdiction. We hold that the defendants made a general appearance by filing a motion to strike the plaintiff's amended complaint, and therefore vacate the judgment dismissing this action.

## I. FACTS AND PROCEDURAL HISTORY

Howard Craft (Craft) is co-owner of H & S Hunting, a store located in Elizabethton, Tennessee. Rhino Metals, Inc. (Rhino) manufactures gun safes. In February 2006, Rhino contacted Craft at a Wild Turkey Convention in Nashville, Tennessee. Craft subsequently executed in Tennessee an agreement to purchase gun safes from Rhino. When the gun safes arrived at H & S Hunting in Tennessee, Craft rejected them, contending that they had scratches and/or dents or were otherwise nonconforming.

On January 30, 2007, Rhino filed this action in Idaho against Craft and H & S Hunting (collectively called Craft). On March 12, 2007, Craft filed a special appearance. On March 22, 2007, he filed a motion to dismiss for lack of personal jurisdiction and noticed the motion for hearing. Before the hearing on the motion, Rhino filed an amended complaint to add a count alleging fraud and to demand an accounting. In response, Craft filed a motion to strike the amended complaint. The motion stated that the amended complaint should be stricken because Rhino had failed to obtain leave of court before filing the amended complaint, the count for fraud failed to allege all of the elements of fraud, and the demand for an accounting failed to allege that Rhino had demanded an accounting before filing this action.

The district court heard Craft's motion to dismiss on April 26, 2007. At that hearing, Rhino argued that by filing the motion to strike, Craft had made a general appearance in the action and was therefore subject to personal jurisdiction. The court rejected that argument and granted Craft's motion to dismiss. Rhino filed a motion for reconsideration, which the court denied. Rhino then timely appealed.

## II. ISSUES ON APPEAL

1. Did Craft's motion to strike the amended complaint constitute a general appearance?

2. Is Craft entitled to an award of attorney fees on appeal pursuant to either Idaho Code § 12–120(3) or § 12–121?

## III. ANALYSIS

### A. Did Craft's Motion to Strike the Amended Complaint Constitute a General Appearance?

"If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection." *Pingree Cattle Loan Co. v. Charles J. Webb & Co.*, 36 Idaho 442, 446, 211 P. 556, 557 (1922) (quoting from *Lowe v. Stringham*, 14 Wis. 222 (1861)). Thus, a party who specially appeared to quash service of the summons made a general appearance by filing a motion for an extension of time. *Pingree Cattle*, 36 Idaho at 446, 211 P. at 557. A party who specially appeared to challenge the court's in personam jurisdiction made a general appearance by also moving to change venue. *American Surety Co. of New York v. District Court*, 43 Idaho 589, 598, 254 P. 515, 517 (1927). A party who specially appeared to quash the summons entered a general appearance by also moving to strike the complaint and dismiss the action because of laches in prosecuting it. *Shaw v. Martin*, 20 Idaho 168, 175–76, 117 P. 853, 855 (1911). Rule 4(i) of the Idaho Rules of Civil Procedure mitigates to some extent the rule that the party must keep out for all purposes except to object that he is not in court.

Insofar as is relevant to this case, after Craft filed his motion under Rule 12(b)(2) to dismiss for lack of in personam jurisdiction, Rule 4(i) permitted him to respond to discovery or to a motion filed by Rhino without such action constituting a voluntary appear-

ance. Craft's motion to strike the amended complaint was neither a response to discovery nor a response to a motion.

■ The district court justified Craft's action on the ground that Rhino wrongfully filed the amended complaint without seeking leave of court. Craft argues that because Rhino was required to make a motion seeking permission to file the amended complaint, filing the complaint should be considered the same as filing a motion to which Craft was entitled to respond. Both the district court and Craft are wrong.

Rule 15(a) of the Idaho Rules of Civil Procedure provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within twenty (20) days after it is served.

When applying Rule 15(a), both the district court and Craft incorrectly assumed that Craft's motion to dismiss was a pleading. It was not. Rule 7(a) of the Idaho Rules of Civil Procedure defines what constitutes a pleading. It states:

There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under Rule 14 and there shall be a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed*, except that the court may order a reply to an answer or a third-party answer. (Emphasis added.)

A motion to dismiss is not among the documents defined as a pleading. Because Craft had not filed a pleading, Rhino was entitled to amend its pleading (the complaint) as a matter of course without leave of court.[1] I.R.C.P. 15(a).

The district court also held that Craft had to respond to the amended complaint by filing the motion to strike in order to prevent entry of default. Again, it erred. Prior to the adoption of the Idaho Rules of Civil Procedure, this Court held that during the pendency of a motion to quash the service of summons on the ground that the court lacked in personam jurisdiction, the defendant is not in default. *Central Deep Creek Orchard Co. v. C.C. Taft Co.*, 34 Idaho 458, 467, 202 P. 1062, 1065 (1921). As the Court stated, "[W]here a defendant appears specially, attacking the jurisdiction of the court over him, we can see no logical reason why that question should not also be determined or waived before default is entered." *Id.* at 465, 202 P. at 1064.

Rule 55(a)(1) provides that the court shall order entry of default against a party who "has failed to plead *or otherwise defend* as provided by these rules." (Emphasis added.) Craft's motion to dismiss for lack of in personam jurisdiction is otherwise defending as provided by the rules of civil procedure. Therefore, default could not be entered against Craft unless his motion to dismiss was denied and he thereafter failed to plead.

Finally, Craft argues that the filing of his motion to strike the amended complaint cannot be considered a general appearance because he did not intend for it to be. In *Pingree Cattle, American Surety*, and *Shaw*, the defendants all intended to make a special appearance, but they made a general appearance by filing their respective motions. In *Engleman v. Milanez*, 137 Idaho 83, 84, 44 P.3d 1138, 1139 (2002), defendants' counsel did not intend to make a general appearance when he filed a notice of appearance in which he stated that he appeared on behalf of the defendants and "hereby reserves all objections and defenses, including but not limited to defenses provided for under Rule 12(b) of the Idaho Rules of Civil Procedure." 137 Idaho at 84, 44 P.3d at 1139. This Court held that counsel's written statement in his notice of appearance was of no effect and

---

1. Nothing herein should be interpreted as implying or holding that had Rhino filed a second amended complaint without leave of court, Craft

could have filed a motion to strike without making a general appearance. Rule 4(i) does not provide any such exception.

**322**

that the notice of appearance constituted a general appearance under former Rule 4(i).

Rule 4(i) further provides that the voluntary appearance or service of any pleading by a party constitutes voluntary submission to the personal jurisdiction of the court "except as provided herein." It then lists three exceptions. First, filing a motion under Rule 12(b)(2), (4), or (5) does not constitute a voluntary appearance. Second, filing a motion asserting any other defense does not constitute a voluntary appearance if it is joined with a motion under Rule 12(b)(2), (4), or (5). Finally, filing a pleading and defending the lawsuit does not constitute a voluntary appearance if it is done after the trial court has denied the party's motion under Rule 12(b)(2), (4), or (5).

In this case, defendants' counsel filed a notice of appearance on May 8, 2000. That notice of appearance was not a motion under Rule 12(b)(2), (4), or (5), and therefore the filing of the notice constituted a voluntary appearance by the defendants in this action, which was the equivalent of the service of the summons upon them. Counsel's statement in the notice of appearance that he "hereby reserves all objections and defenses, including but not limited to defenses provided for under Rule 12(b) of the Idaho Rules of Civil Procedure" was of no effect.

137 Idaho at 85, 44 P.3d at 1140.

 Under Rule 4(i), whether or not a defendant has made a general or a special appearance is based upon the defendant's conduct, not upon the defendant's intent. Unless the defendant complies with the Rule's requirements for making a special appearance, the defendant has made a general appearance. Whether or not Craft intended to make a general appearance is irrelevant. His general appearance is not based upon his intent; it is based upon his conduct in filing the motion to strike.

The order of the district court dismissing this action for lack of personal jurisdiction is reversed.

**B. Is Craft Entitled to an Award of Attorney Fees on Appeal Pursuant to Either Idaho Code § 12–120(3) or § 12–121?**

 Craft seeks an award of attorney fees on appeal pursuant to Idaho Code §§ 12–120(3) and 12–121. Both statutes require that the party prevail in order to be awarded attorney fees. Since Craft is not the prevailing party on appeal, he is not entitled to an award of attorney fees.

## IV. CONCLUSION

The judgment dismissing this action is vacated and the order holding that the court does not have personal jurisdiction over the defendants is reversed. This case is remanded for further proceedings. We award costs on appeal to appellant.

Justices BURDICK, J. JONES, W. JONES and Justice Pro Tem KIDWELL concur.