**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41957**

| | |
|---|---|
| EGP INVESTMENTS, LLC, a Washington limited liability company, | ) ) | 2014 Unpublished Opinion No. 878 |

EGP INVESTMENTS, LLC, a Washington limited liability company,

Plaintiff-Respondent,

v.

LORI SKINNER,

Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

2014 Unpublished Opinion No. 878

Filed: December 23, 2014

Stephen W. Kenyon, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. John T. Mitchell, District Judge.

Order denying motion to dismiss, <u>affirmed</u>; judgment of the district court, <u>affirmed</u>.

Lori Skinner, Naples, pro se appellant.

Johnson Mark LLC; Sean Beck, Meridian, for respondent.

GRATTON, Judge

Lori Skinner appeals from the district court's order denying her motion to dismiss. She also challenges the district court's judgment entered after trial. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

EGP Investments, LLC (EGP) is a licensed collection agency. EGP filed a complaint against Lori Skinner seeking to recover amounts due for outstanding credit card accounts that originated with Chase Bank USA (Chase), as well as interest, costs, and attorney fees. Skinner alleged and maintains that service of process was not properly made, which EGP has not disputed.

In accordance with Idaho Rule of Civil Procedure 4(i), Skinner filed a pro se notice of special appearance to contest service of process pursuant to I.R.C.P. 12(b)(5). Skinner also filed a motion to dismiss the complaint on that basis, and a notice of discovery. In accordance with

1

the notice of discovery, Skinner served EGP with requests for admissions, interrogatories, and production of documents relating to the issue of standing to sue.

Skinner's motion to dismiss was scheduled for hearing; however, the hearing was vacated after Skinner's request to appear telephonically was denied. Thereafter, the case was set for trial and a pretrial status hearing was scheduled for January 22, 2014. Within the notice of trial, the court apprised the parties of the potential involvement of several other judges in the case. Neither party objected to this notice. Prior to the January 22, 2014, status hearing, Skinner informed the court, through a letter, that she would not be attending the hearing due to being improperly served with the complaint. EGP appeared through counsel at the status hearing and the matter remained set for trial. The court issued an order denying Skinner's motion to dismiss, finding that Skinner's engagement in the discovery process constituted a general appearance.

Trial was held as scheduled. Skinner was not present and EGP presented evidence. The court subsequently entered a judgment in favor of EGP. Skinner timely appeals.

## II.

## ANALYSIS

### A. General Appearance

Skinner argues the district court erred in denying her motion to dismiss on the basis that she had not been properly served. The service of a summons confers the court with personal jurisdiction over a party. *Engleman v. Milanez*, 137 Idaho 83, 84, 44 P.3d 1138, 1139 (2002). However, a voluntary general appearance is equivalent to service of summons upon a defendant and will cure any defects in service. I.R.C.P. 4(i); *Hutchinson v. State*, 134 Idaho 18, 21, 995 P.2d 363, 366 (Ct. App. 1999). Yet, a defendant will not be considered to have made a voluntary appearance upon filing a motion under I.R.C.P. 12(b)(2), (4), or (5), or in *responding* to discovery or to a motion filed by another party. I.R.C.P. 4(i). Under I.R.C.P. 4(i), whether or not a defendant has made a general appearance is based upon the defendant's conduct, not upon the defendant's intent. *Rhino Metals, Inc. v. Craft*, 146 Idaho 319, 322, 193 P.3d 866, 869 (2008).

It is undisputed that Skinner was not properly served with a summons and complaint and accordingly filed a notice of special appearance and motion to dismiss under I.R.C.P. 12(b)(5). It is also undisputed that Skinner subsequently propounded discovery upon EGP relating to the issue of whether EGP had standing. After Skinner filed a motion to dismiss for insufficiency of

2

service of process pursuant to I.R.C.P. 12(b)(5), I.R.C.P. 4(i) permitted her to respond to discovery or to a motion filed by EGP without such action constituting a voluntary appearance. However, Skinner's act of propounding discovery upon EGP (on an issue separate from those specified in I.R.C.P. 12(b)(2), (4), or (5)) was neither a response to discovery nor a response to a motion. Therefore, although Skinner was not properly served by EGP, her voluntary appearance, through propounding discovery upon EGP, cured any insufficiency of service. Whether or not she intended to make a general appearance is irrelevant; her conduct was determinative in constituting a general appearance. Accordingly, the district court had proper personal jurisdiction over both parties and properly denied Skinner's motion to dismiss on that basis.

**B.    Standing**

On appeal, Skinner raises several additional objections not raised below, including the question of whether EGP had standing to bring the action against her.[1] Skinner's only objection at the district court level was raised through her special appearance challenging service of process. After filing a notice of special appearance and notice of discovery, Skinner sent a letter to the court indicating that she would not be participating in the January 22, 2014, proceeding. In fact, she did not participate in that hearing or in the subsequent trial. Without Skinner's participation, the matter was tried by the district court where the court found in favor of EGP.

To the extent Skinner can raise the question of standing on the ground that it concerns the subject matter jurisdiction of the district court, *Bagley v. Thomason*, 149 Idaho 806, 807, 241 P.3d 979, 980 (2010); *Idaho State Ins. Fund by and Through Forney v. Turner*, 130 Idaho 190, 191, 938 P.2d 1228, 1229 (1997), EGP established standing at trial, which was uncontroverted. To satisfy the requirement of standing, a litigant must allege an injury in fact, a fairly traceable causal connection between the claimed injury and the challenged conduct, and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. *Sec. Fin.*

---

[1]    Skinner also appears to make the following objections: (1) the participation of additional judges not assigned to the case deprived the court of jurisdiction to issue a judgment against her; (2) violation of due process based on hearings being conducted outside the county in which suit was filed; (3) principles of illegality of contract render any contract with EGP unenforceable by the court; and (4) violation of due process and equal protection standards. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Because Skinner failed to participate in the action after making a general appearance, she did not preserve these objections for appeal. Therefore, this Court will not consider Skinner's remaining arguments.

*Fund, LLC v. Thomason*, 153 Idaho 343, 347, 282 P.3d 604, 608 (2012).  Here, there is an injury in fact that is traceable to Skinner's conduct (delinquent credit card accounts).  EGP alleged that Skinner owed a debt to Chase, and that it acquired such debt through the purchase of unpaid accounts from Chase.[2]  Furthermore, there is also a substantial likelihood that the judicial relief requested will redress the claimed injury, as a judgment of the amount owing on the debt will lead to a collection of the debt from Skinner.  Accordingly, EGP had standing to bring the debt collection action.

## C.      Attorney Fees on Appeal

EGP requests attorney fees on appeal pursuant to Idaho Code §§ 12-120(3), 12-121.  Both statutes require that the party prevail in order to be awarded attorney fees.  Because EGP is the prevailing party on appeal, we conclude that an award of attorney fees is appropriate pursuant to I.C. § 12-120(3).

Skinner also requests fees on appeal.  Skinner is not the prevailing party on appeal and is, therefore, not entitled to an award of attorney fees.

## III.

## CONCLUSION

Because Skinner made a general appearance in this action, the district court had jurisdiction and did not err when it denied Skinner's motion to dismiss.  Additionally, EGP had standing to bring the action against Skinner.  Accordingly, the district court's order denying Skinner's motion to dismiss is affirmed.  The judgment of the district court is affirmed.  Attorney fees and costs on appeal are awarded to respondent.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[2]      EGP established at trial that the accounts originated with Chase, and were sold to Global Acceptance Credit Company, LP, who then sold the accounts to EGP.